The Honorable Gunner DeLay State Representative 4200 Free Ferry Lane Fort Smith, Arkansas 72903-2338
Dear Representative DeLay:
This official Attorney General opinion is rendered in response to a question you have raised concerning Act 1343 of 1997, which requires school districts to provide all classroom teachers with planning periods.[1]
You have asked:
 Can the school district require a teacher to have a planning period even if the teacher does not want to have one?
It is my opinion, as explained more fully below, that the school district can require a teacher to have a planning period, even if the teacher does not want to have one.
Under Arkansas law, school boards are given wide latitude in formulating the policies that govern the details of the operation of their school systems. The Arkansas courts have consistently recognized the broad discretion that is granted to school districts in establishing their own policies. This discretion is based in part upon A.C.A. § 6-13-620(13). That section provides:
 The board of directors of each school district in the state shall be charged with the following powers and perform the following duties:
* * *
 (13) Do all other things necessary and lawful for the conduct of efficient free public schools in the district.
A.C.A. § 6-13-620(13).
Arkansas courts have long interpreted the above-quoted statutory provision as allowing school boards wide latitude in formulating the rules and policies that govern their school systems. See, e.g., Safferstone v.Tucker, 235 Ark. 70, 72, 357 S.W.2d 3, 4 (1962); Isgrig v. Srygley,210 Ark. 580, 197 S.W.2d 37 (1946). See also Springdale Board of Educationv. Bowman, 294 Ark. 66, 69, 740 S.W.2d 909, 910 (1987); Leola SchoolDistrict v. McMahan, 289 Ark. 496, 498, 712 S.W.2d 903, 905 (1986). The courts have further held that they will not substitute their judgment for that of a school board with regard to policy matters, unless the school board, in enacting the policy in question, abused its discretion or acted arbitrarily, capriciously, or contrary to law. Id. The court in Leola,supra, explained "arbitrary and capricious" action by a school board as being action that is not supportable "on any rational basis." Leola,289 Ark. at 498, 712 S.W.2d at 905. Thus, the board's policy must serve some purpose. It should also be noted that the party challenging the school board's policy has the burden of proving the board's abuse of discretion by clear and convincing evidence. Springdale, 294 Ark. at 69,740 S.W.2d at 910.
Applying the above-cited authorities to your question, I conclude that a school district can require its teachers to have a planning period, even if the teachers do not want one, provided that the school district has some rational basis for the requirement.
My conclusion is bolstered by the fact that under Act 1343 of 1997, each school district is required to formulate its planning period policy pursuant to the provisions of A.C.A. § 6-17-201 et seq., under which the legislature mandated that local school boards create personnel policies for their districts. See A.C.A. § 6-17-201 et seq. The fact that Act 1343 envisions the planning period policy as a part of each school district's individually-tailored personnel policy is an indication of an intent that each school district be empowered to formulate the planning period policy in accordance with its own desired requirements.
For these reasons, I conclude that school districts can require their teachers to have a planning period, even if the teachers do not want to have one.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Act 1343 of 1997 [codified at 6-17-114] provides:
6-17-114. Daily planning period.
 (a)(1) Effective beginning the 1998-99 school year, each school district in this state shall provide a minimum of two hundred (200) minutes each week of scheduled time for conferences, instructional planning, and preparation for all classroom teachers employed by the district; provided, however, that such planning time shall be in increments of no less than twenty (20) minutes.
 (2) Effective beginning the 1999-2000 school year, such planning time shall be in increments of no less than thirty (30) minutes.
 (b) No school district shall provide planning time as required by this section by lengthening the school day unless the district compensates teachers for the additional time, at an hourly per diem rate.
 (c) Each school district shall implement the requirements of this section in accordance with §§ 6-17-201 et seq.